UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: EDCV 13-1214-CBM (MAN)                                      Date: July 16, 2013

Title:  Daniel Govind v. B.M. Cash, et al.
================================================================
DOCKET ENTRY:          Order To Show Cause Re:  Dismissal
================================================================
PRESENT:

        Hon. Margaret A. Nagle, United States Magistrate Judge

        Earlene Carson                  N/A
        Deputy Clerk                     Court Reporter/Tape No.

  ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANTS:

    N/A                                   N/A

**PROCEEDINGS (In Chambers):**

On May 30, 2013, plaintiff filed a civil rights complaint in the United States District Court for the Northern District of California ("Complaint").  Following various proceedings in the Northern District, including a grant of leave to proceed without prepayment of the filing fee, the Complaint was transferred to this District and filed on July 9, 2013.

Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity.  The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  Here, it appears that dismissal of the Complaint is required, for the following reasons.

On February 28, 2013, plaintiff submitted a version of the Complaint to this District and requested leave to file it without prepayment of the filing fee ("Prior Complaint").  (*See* docket for Case No. EDCV 13-658-UA (MAN).)  On April 22, 2013, the Court denied plaintiff leave to proceed without prepayment of the filing fee based upon a number of grounds, including that:  the Prior Complaint failed to state a claim upon which relief could be granted as to the two named defendants (Warden B.M. Cash and Dr. Kirk Torres); and plaintiff expressly admitted that he had not exhausted his administrative remedies.  Following that Order, and rather than await the resolution of his pending administrative grievance, plaintiff simply revised the Prior Complaint, added a defendant, and filed the instant Complaint in another District, apparently hoping for a different outcome.

MINUTES FORM 11                                                                                      Initials of Deputy Clerk
                                                                                                   _____

CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 13-1214-CBM (MAN)                                    Date: July 16, 2013

As he did in the Prior Complaint, plaintiff seeks, in the instant Complaint, an order directing that he be provided with Neurontin, a diabetic snack, and a pillow and that no reprisals against him occur due to the filing of the Complaint.  Plaintiff again asks the Court to order that, if defendants fail to comply with the injunctive relief ordered, plaintiff will be entitled to seek monetary damages.  Plaintiff again expressly admits that he has not exhausted his administrative remedies; he alleges that his third level appeal was filed a month before the Complaint was submitted to the Northern District and is still pending.

The present Complaint suffers from most of the same defects identified in the April 22, 2013 Order denying leave to file the Prior Complaint.  As before, the Complaint fails to set forth sufficient facts to state any cognizable claim against defendant Warden Cash.  Plaintiff apparently seeks to hold the Warden liable pursuant to a respondeat superior theory, *i.e.,* simply because he is the Warden of CIM, where defendant Dr. Torres works and committed the acts on which the Complaint rests.  Supervisory personnel generally are not liable under 42 U.S.C. § 1983 on a theory of respondeat superior or vicarious liability.  *See, e.g.*, Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).  Vicarious liability premised on the doctrine of respondeat superior  is "inapplicable to" Section 1983 claims. Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009)("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*").  As the Supreme Court made clear in Iqbal, a government official, regardless of his or her title, "is liable only for his or her own misconduct."  *Id.* at 677, 129 S. Ct. at 1949.  Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.* at 676, 129 S. Ct. at 1948.  The Complaint does not contain any such required allegations with respect to Warden Cash.

The same defect exists with respect to newly-added defendant Chief Medical Officer Farooq.  The Complaint lacks any allegations stating a plausible basis for liability on the part of Farooq and, instead, seeks to hold him liable based purely on his April 3, 2013 decision that did not fully grant plaintiff's administrative remedy at the second level -- a claim that is not cognizable.[1]

---

[1] A prisoner has no constitutional right to an administrative appeal procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)("There is no legitimate claim of entitlement to a grievance procedure.").  Plaintiff does not and cannot state a Section 1983 claim against Farooq based solely on Farooq's participation in the administrative appeal process. *See* Wise v. Washington State Dept. of Corrections, 244 Fed. Appx. 106, 108, 2007 WL 1745223, at *1 (9th Cir., June 5, 2007)("The district court properly dismissed Wise's claim that defendants denied his

MINUTES FORM 11                                                                                                Initials of Deputy Clerk
                                                                                                                                            _____

CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 13-1214-CBM (MAN)                                            Date: July 16, 2013

The Complaint rests solely on the asserted inadequate medical care provided by defendant Dr. Torres. Plaintiff alleges that:  at his prior institution, he was prescribed Neurontin and was allowed a diabetic snack and a pillow; and when he was transferred the California Institution for Men, Dr. Torres refused to prescribe a pillow and the same diabetic snack plaintiff was allowed at his prior prison, and Dr. Torres prescribed drugs for plaintiff other than Neurontin.  The attachments to the Complaint show that plaintiff has been advised Dr. Torres believes Neurontin, a pillow, and a diabetic snack are not medically indicated for plaintiff and that medication other than Neurontin is appropriate.

The Complaint does not state a viable Eighth Amendment claim.  Deliberate indifference to medical needs exists only if a defendant purposefully ignores or fails to respond to the prisoner's pain or medical need.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds by* WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)(*en banc*).  The Complaint's allegations and exhibits show that Dr. Torres has not ignored or failed to respond to plaintiff's medical complaints. Rather, the doctor has responded, and a difference of opinion exists between Dr. Torres and plaintiff regarding whether:  Neurontin is medically indicated or other medications are appropriate; a proper diabetic snack is being provided to plaintiff; and a pillow is medically indicated.  Generally, a difference of opinion between an inmate and medical staff as to the nature of appropriate medical treatment is insufficient, as a matter of law, to constitute deliberate indifference.  *See* Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  The Complaint thus fails to state a claim upon which relief can be granted with respect to Dr. Torres.

Even if plaintiff could correct the above defects through amendment, the Complaint suffers from a defect that cannot be rectified by amendment.  "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §

---

grievances because an inmate has no due process rights regarding the proper handling of grievances."); Morgan v. Chakmakian, 2011 WL 839136, at *5 (C.D. Cal., Jan. 26, 2011)("a prisoner has no constitutional right to an effective grievance or appeal procedure, and the mere participation of prison officials in plaintiff's administrative appeal process is an insufficient basis on which to state a federal civil rights claim against such defendants"), *adopted by* 2011 WL 837738 (C.D. Cal., Mar. 3, 2011); Wright v. Shapirshteyn, 2009 WL 361951, at *3 (E.D. Cal., Feb. 12, 2009)(noting that "where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983").

MINUTES FORM 11                                                                                                 Initials of Deputy Clerk
                                                                                                                                    _____
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 13-1214-CBM (MAN)                                    Date: July 16, 2013

1997e(a).  The exhaustion requirement is mandatory.  Jones v. Bock, 549 U.S. 199, 211, 127 S. Ct. 910, 918-19 (2007); Woodford v. Ngo, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382 (2006).  A prisoner must comply with applicable prison procedural rules to meet the exhaustion requirement.  Id. at 84, 93, 126 S. Ct. at 2382, 2387 (holding that the PLRA requires "proper exhaustion").  Exhaustion is required even if the prison cannot provide the relief the inmate seeks, as long as some relief is available.  See Booth v. Churner, 532 U.S. 731, 736 & n.4, 121 S. Ct. 1819, 1822 & n.4 (2001).

A prisoner must exhaust his administrative remedies *before* he submits his proposed complaint to the federal district court.  See Vaden v. Summerhill, 449 F.3d 1047, 1050-51 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002)(*per curiam*).  "[A] district court must dismiss a case without prejudice 'when there is no *presuit* exhaustion,' even if there is exhaustion while suit is pending."  Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005)(citing McKinney).

> The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances.  He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that.

Vaden, 449 F.3d at 1051 (holding that "[b]ecause [the prisoner-plaintiff] did not exhaust his administrative remedies prior to sending his complaint to the district court, the district court must dismiss his suit without prejudice").

The administrative appeal system for inmates in California prisons is set forth in Title 15 of the California Code of Regulations.  See 15 CCR § 3084.1 *et seq*.  Under the pertinent regulations, to exhaust his present claim, plaintiff was required to purse his administrative remedies through several levels of appeal, culminating in a third level appeal to the Director of the California Department of Corrections and Rehabilitation 15 CCR § 3084.7; *see also* Woodford, 548 U.S. at 85–86, 126 S. Ct. at 2383; Wyatt, 315 F.3d at 1119.  Administrative remedies are not "deemed exhausted" unless and until a prisoner completes the third level of review.  15 CCR § 3084.1(b).  Plaintiff expressly admits that his third level appeal was pending at the time the Complaint was filed and had not yet concluded.  (Complaint at 1-2.)  Thus, plaintiff did not exhaust his administrative remedies prior to submitting the Complaint.

Although the PLRA exhaustion requirement is mandatory, the Ninth Circuit has held that compliance may be excused when a prisoner's administrative remedies are "effectively unavailable" due to mistake or misconduct on the part of prison officials.  See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010)(improper screening out of an inmate's administrative grievance can render his administrative

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 13-1214-CBM (MAN)                                          Date: July 16, 2013

remedies effectively unavailable); Nunez v. Duncan, 591 F.3d 1217, 1224-26 (9th Cir. 2010)(untimeliness of inmate's appeal was the result of an incorrect citation provided by the warden, and the warden's mistake rendered the inmate's administrative remedies effectively unavailable).  In addition, if circumstances actually preclude a prisoner from pursuing his administrative remedies, exhaustion may be excused.  See Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(*per curiam*)(finding excusal possibly warranted when prisoner claimed he missed third level appeal deadline due to an assault he suffered and an attendant hospital stay and lack of access to necessary forms, as well as advice by a prison official that no further administrative remedy existed).

Plaintiff does not allege any circumstance that could be found to render his administrative remedies effectively unavailable.  Plaintiff admittedly *was* able to file timely grievances at all levels, including his third level appeal.  Plaintiff disputes Dr. Torres's course of treatment and apparently does not want to wait until his remaining appeal is resolved and exhaustion is completed. (Complaint at (9).)  This is not sufficient to warrant excusing the exhaustion requirement, particularly given the above-noted failure of the Complaint to state any viable claim upon which relief can be granted.

"A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  A court, upon screening, may dismiss an action, *sua sponte*, for failure to exhaust administrative remedies.  See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002)(when the record showed that plaintiff had not filed a third level appeal, he had not exhausted his administrative remedies, and the *sua sponte* dismissal of his complaint on that basis was affirmed); see also Jones, 549 U.S. at 216, 127 S. Ct. at 921 (even though Section 1915A does not include "exhaustion in terms among the enumerated grounds justifying dismissal upon early screening . . ., that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim").

Plaintiff, plainly, did not exhaust his administrative remedies before filing the Complaint.  Accordingly, plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed, without prejudice, for failure to exhaust administrative remedies.  **By no later than August 9, 2013**, plaintiff shall file a response to this Order To Show Cause in which he either:   (1) concedes that dismissal is required; or (2) disputes that dismissal is required.  If plaintiff concedes that dismissal is required, he may comply with this Order by simply filing a Notice that dismisses this action, without prejudice.  The Clerk is directed to attach to this Order a blank Notice of Dismissal form for plaintiff's use.  If plaintiff disputes that dismissal is required, he must establish in his response that the administrative remedies process was "effectively unavailable" to him before he filed the Complaint.

**Plaintiff is cautioned that a failure to file a timely response to this Order will**

MINUTES FORM 11                                                                                                 Initials of Deputy Clerk
                                                                                                                              _____
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 13-1214-CBM (MAN)                      Date: July 16, 2013

**result in the dismissal of this action, without prejudice, for failure to exhaust administrative remedies.**

IT IS SO ORDERED.