1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   DANIEL H. GOVIND,                    )          NO. EDCV 13-1214-CBC (MAN)
                                          )
12                   Plaintiff,           )
                                          )
13        v.                              )          ORDER DISMISSING ACTION
                                          )          WITHOUT PREJUDICE
14   B.M. CASH, et al.,                   )
                                          )
15                   Defendants.          )
     ─────────────────────────────────── )
16

17        On May 30, 2013, a civil rights complaint submitted by plaintiff to

18   the United States District Court for the Northern District of California

19   was filed ("Complaint").  On June 25, 2013, the Northern District

20   granted plaintiff leave to proceed without prepayment of the filing fee

21   and thereafter transferred the Complaint to this District, where it was

22   filed on July 9, 2013.

23

24        The Complaint names three defendants:  B.M. Cash, the Warden of

25   California Institution for Men ("CIM"); Dr. Farooq, the Chief Medical

26   Officer at CIM; and Dr. Kirk Torres, a physician at CIM.  The gravamen

27   of the Complaint is that, when plaintiff was transferred to CIM in

28   December 2012, Dr. Torres refused to prescribe Neurontin for plaintiff

(a medication plaintiff previously had received at other institutions) and declined to order that plaintiff be afforded a pillow and the same type of diabetic snack plaintiff had received at other institutions. Plaintiff contends that the diabetic snack provided to him at CIM is not adequate and that the medication Dr. Torres has prescribed is medically inappropriate.  Plaintiff seeks injunctive relief directing that he be provided with Neurontin, a pillow, and the same diabetic snack he received in the past, as well as an order that he is entitled to seek monetary damages if these items are not provided to him.

Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity.  The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

On July 16, 2013, pursuant to the foregoing screening obligation, United States Magistrate Judge Margaret A. Nagle issued an Order To Show Cause Re: Dismissal in this action ("OSC").  The OSC identified the substantive defects in the Complaint, which are discussed below, and addressed plaintiff's admitted failure to exhaust his administrative remedies before filing the Complaint.  The OSC directed plaintiff to show cause why this action should not be dismissed due to plaintiff's failure to satisfy the exhaustion requirement.  After receiving an extension, plaintiff filed his response on August 29, 2013 ("Response").

Having reviewed the record and plaintiff's Response, the Court concludes that dismissal of this action is required, for the following reasons.

*Substantive Defects Of The Complaint*

On February 28, 2013, plaintiff submitted a version of the Complaint to this District and requested leave to file it without prepayment of the filing fee ("Prior Complaint"). (*See* docket for Case No. EDCV 13-658-UA (MAN).) On April 22, 2013, the Court denied plaintiff leave to proceed without prepayment of the filing fee on numerous grounds, including that: the Prior Complaint failed to state a claim upon which relief could be granted as to the two named defendants (Warden B.M. Cash and Dr. Kirk Torres); and plaintiff expressly admitted that he had not exhausted his administrative remedies. Following that Order, and rather than await the resolution of his pending administrative grievance, plaintiff simply revised the Prior Complaint to add Dr. Farooq as a defendant and then filed it in an inappropriate venue, from which it was transferred to this Court.

The present Complaint suffers from most of the defects identified in the April 22, 2013 Order denying leave to file the Prior Complaint. As before, the Complaint fails to set forth sufficient facts to state any cognizable claim against defendant Warden Cash. The OSC noted that plaintiff apparently seeks to hold the Warden liable pursuant to a respondeat superior theory, *i.e.,* simply because he is the Warden of CIM at which Dr. Torres works and where he committed the acts on which the Complaint rests. In his Response, plaintiff confirms that defendant

Cash's liability rests solely on a respondeat superior theory. (Response at 14-15.) As plaintiff puts it, if anything wrongful happens in a prison, the warden is liable just like the Captain of a ship or an airplane. (*Id.* at 14.) This rationale, however, is unavailing for purposes of 42 U.S.C. § 1983 claims. Supervisory personnel generally may not be held liable under Section 1983 based on a theory of respondeat superior or vicarious liability. *See, e.g.*, Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). Vicarious liability premised on the doctrine of respondeat superior is "inapplicable to" Section 1983 claims. Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009)("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"). As the Supreme Court made clear in Iqbal, a government official, regardless of his or her title, "is liable only for his or her own misconduct." *Id.* at 677, 129 S. Ct. at 1949. Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676, 129 S. Ct. at 1948. The Complaint does not contain such requisite allegations with respect to Warden Cash, and plaintiff's Response makes clear that he cannot supply any such allegations.

The same defect exists with respect to defendant Chief Medical Officer Farooq. The Complaint lacks any allegations stating a plausible basis for liability on the part of Farooq and, instead, seeks to hold him liable based purely on his April 3, 2013 second level administrative

1    remedy decision -- a claim that is not cognizable.[1]   In his Response,

2    plaintiff attempts to state a basis for Farooq's liability based on the

3    respondeat superior doctrine, but again, that theory is not cognizable.

4    (Response at 15-16.)   Nothing in the Response indicates that plaintiff

5    could state a tenable claim against Farooq.[2]

6

7         The Complaint rests solely on the asserted inadequate medical care

8    provided by defendant Dr. Torres.   Plaintiff alleges that:  at his prior

9    institution, he was prescribed Neurontin and was allowed a diabetic

10   snack and a pillow; and when he was transferred to CIM, Dr. Torres

11   refused to prescribe a pillow and the same diabetic snack plaintiff was

12

13        [1]    A prisoner has no constitutional right to an administrative
14   appeal procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
     2003)("inmates lack a separate constitutional entitlement to a specific
15   prison grievance procedure"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
     1988)("There is no legitimate claim of entitlement to a grievance
16   procedure.").  Plaintiff does not and cannot state a Section 1983 claim
     against Farooq based solely on Farooq's participation in the
17   administrative appeal process.  See Wise v. Washington State Dept. of
     Corrections, 244 Fed. Appx. 106, 108, 2007 WL 1745223, at *1 (9th Cir.,
18   June 5, 2007)("The district court properly dismissed Wise's claim that
     defendants denied his grievances because an inmate has no due process
19   rights regarding the proper handling of grievances."); Morgan v.
     Chakmakian, 2011 WL 839136, at *5 (C.D. Cal., Jan. 26, 2011)("a prisoner
20   has no constitutional right to an effective grievance or appeal
     procedure, and the mere participation of prison officials in plaintiff's
21   administrative appeal process is an insufficient basis on which to state
     a federal civil rights claim against such defendants"), adopted by 2011
22   WL 837738 (C.D. Cal., Mar. 3, 2011); Wright v. Shapirshteyn, 2009 WL
     361951, at *3 (E.D. Cal., Feb. 12, 2009)(noting that "where a
23   defendant's only involvement in the allegedly unconstitutional conduct
     is the denial of administrative grievances, the failure to intervene on
24   a prisoner's behalf to remedy alleged unconstitutional behavior does not
     amount to active unconstitutional behavior for purposes of § 1983").
25

26        [2]    Plaintiff's complaint that Farooq "doesn't even know me, nor
     ever spoke to me" (Response at 16) does not state any tenable basis for
27   liability under Section 1983.

28

                                    5

1    allowed at his prior prison, and Dr. Torres prescribed drugs for
2    plaintiff other than Neurontin.  The attachments to the Complaint show
3    that plaintiff has been advised Dr. Torres believes these items are not
4    medically indicated for plaintiff and that medication other than
5    Neurontin is an appropriate course of medical treatment.

7         The Complaint does not state a viable Eighth Amendment claim based
8    on these allegations.  Deliberate indifference to medical needs exists
9    only if a defendant purposefully ignores or fails to respond to the
10   prisoner's pain or medical need.  McGuckin v. Smith, 974 F.2d 1050, 1060
11   (9th Cir. 1992), *overruled on other grounds by* WMX Technologies, Inc. v.
12   Miller, 104 F.3d 1133 (9th Cir. 1997)(*en banc*).  The Complaint's
13   allegations and exhibits show that Dr. Torres has not ignored or failed
14   to respond to plaintiff's medical complaints.  Rather, the doctor has
15   responded, and a difference of opinion exists between Dr. Torres and
16   plaintiff regarding whether:  Neurontin is medically indicated or other
17   medications are appropriate; a diabetic snack is medically required; and
18   a pillow is medically indicated.  Generally, a difference of opinion
19   between an inmate and medical staff as to the nature of appropriate
20   medical treatment is insufficient, as a matter of law, to constitute
21   deliberate indifference.  *See* Toguchi v. Chung, 391 F.3d 1051, 1058 (9th
22   Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996);
23   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  The Complaint thus
24   fails to state a claim upon which relief can be granted with respect to
25   Dr. Torres.

27        Plaintiff's Response only confirms that the Complaint rests solely
28   on plaintiff's disagreement with the medical decisions made by CIM

personnel.   The exhibits to the Response show that plaintiff *has* been receiving medical treatment, medications, and diabetic snacks, and that his complaints have been considered.    For example, in response to plaintiff's January 14, 2013 letter, Dr. Farooq, on February 12, 2013, wrote to plaintiff and advised him that his medical records had been reviewed, confirmed the finding that Neurontin was not needed, and concluded that plaintiff was receiving appropriate medical treatment. In an April 9, 2013 letter, California Correctional Health Services notes that plaintiff is enrolled in the Chronic Care Program, has been evaluated by medical staff on 11 occasions between December 6, 2012, and March 27, 2013, and has been prescribed pain management medication and other medications.    (Response, Ex. D at 97.)    Plaintiff has been prescribed Tegretol, a medication which is used for many of the same purposes as Neurontin.[3]   (*Id.* at 80.)   On January 15, 2013, Dr. Torres prescribed glucose chew tablets for plaintiff, with the prescription to be refilled as needed throughout 2013.   (Response, Ex. C at 66.)

     The Complaint, in short, fails to state a claim upon which relief could be granted.   Normally, leave to amend would be granted to afford plaintiff a chance to correct the above-noted defects, although based on the Response, it is unclear that plaintiff could rectify the foregoing defects.   However, as discussed below, the Complaint suffers from a non-rectifiable defect that mandates its dismissal.

     *Plaintiff Has Not Exhausted His Administrative Remedies*

---

     [3]    In the Response, plaintiff claims that he had "bad side effects" from Tegretol after he took it for ten days, and another physician discontinued it.   (Response at 9.)

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement is mandatory.  <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S. Ct. 910, 918-19 (2007); <u>Woodford v. Ngo</u>, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382 (2006).  A prisoner must comply with applicable prison procedural rules to meet the exhaustion requirement. <i>Id.</i> at 84, 93, 126 S. Ct. at 2382, 2387 (holding that the PLRA requires "proper exhaustion"); <u>Griffith v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009)(under <u>Ngo</u>, "a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue").

"The PLRA's exhaustion requirement is a mandatory prerequisite to filing suit, irrespective of whether the available administrative remedy is plain, speedy, or effective." <u>Bovarie v. Giurbino</u>, 421 F. Supp. 2d 1309, 1312 (S.D. Cal. 2006)(<i>citing</i> <u>Booth v. Churner</u>, 532 U.S. 731, 739, 121 S. Ct. 1819 (2001), and <u>Porter v. Nussle</u>, 534 U.S. 516, 524, 122 S. Ct. 983 (2002)). Section 1997e(a) does not contain any exceptions to the statutory exhaustion requirement, and thus, a court does not have discretion to excuse exhaustion in the interests of justice. <u>Booth</u>, 532 U.S. at 741 n.5-6, 6, 121 S. Ct. 1819 (noting that, through Section 1997e, Congress eliminated "courts' discretion to excuse exhaustion when it would not be 'appropriate and in the interests of justice'" and "we stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Exhaustion is required even if the prison cannot provide the relief the inmate seeks, as long as some relief is

1  available.  *See id*. at 736 & n.4, 121 S. Ct. at 1822 & n.4.

2

3      A prisoner must exhaust his administrative remedies *before* he

4  submits his proposed complaint to the federal district court.  *See* <u>Vaden</u>

5  <u>v. Summerhill</u>, 449 F.3d 1047, 1050-51 (9th Cir. 2006); <u>McKinney v.</u>

6  <u>Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002)(*per curiam*).  "[A]

7  district court must dismiss a case without prejudice 'when there is no

8  *presuit* exhaustion,' even if there is exhaustion while suit is pending."

9  <u>Lira v. Herrera</u>, 427 F.3d 1164, 1170 (9th Cir. 2005)(citing <u>McKinney</u>).

10

11      The bottom line is that a prisoner must pursue the prison

12      administrative process as the first and primary forum for

13      redress of grievances.  He may initiate litigation in federal

14      court only after the administrative process ends and leaves

15      his grievances unredressed. It would be inconsistent with the

16      objectives of the statute to let him submit his complaint any

17      earlier than that.

18

19  <u>Vaden</u>, 449 F.3d at 1051 (holding that "[b]ecause [the prisoner-

20  plaintiff] did not exhaust his administrative remedies prior to sending

21  his complaint to the district court, the district court must dismiss his

22  suit without prejudice").

23

24      The administrative appeal system for inmates in California prisons

25  is set forth in Title 15 of the California Code of Regulations.  *See* 15

26  CCR § 3084.1 *et seq*.  Under the pertinent regulations, to exhaust his

27  present claim, plaintiff was required to pursue his administrative

28  remedies through several levels of appeal, culminating in a third level

9

appeal to the Director of the California Department of Corrections and Rehabilitation.  15 CCR § 3084.7; *see also* <u>Woodford</u>, 548 U.S. at 85-86, 126 S. Ct. at 2383; <u>Wyatt</u>, 315 F.3d at 1119.  Administrative remedies are not "deemed exhausted" unless and until a prisoner completes the third level of review.  15 CCR § 3084.1(b).

In the Complaint, plaintiff expressly admits that his third level appeal was pending at the time the Complaint was filed and had not yet concluded.  (Complaint at 1-2.)  In his Response, plaintiff concedes that he did not await the conclusion of the administrative appeal process before seeking Section 1983 relief.  Plaintiff alleges that his third level appeal has "been pending at the third level for over six months now."  (Response at 16.)  That assertion is false.  Plaintiff has attached to his Response documentation (Exhibit D) related to at least seven staff misconduct and medical grievances he has filed this year. However, only one of them -- CIM HC 13-025109 -- arguably will exhaust the claim alleged in the instant Complaint once the administrative remedies process is completed.[4]  The second level decision in CIM HC 13-02519 issued on April 3, 2013, noting, *inter alia*, that:  plaintiff had

_____

[4]  Plaintiff filed a separate staff complaint grievance against Dr. Torres, complaining that Dr. Torres retaliated against plaintiff after he filed a lawsuit against Dr. Torres (CIM SC 13000291).  In that grievance, plaintiff reiterated his complaint that Dr. Torres had discontinued Neurontin and prescribed other medications instead. Plaintiff was allowed to bypass the first level, and at the second level, it was determined that Dr. Torres had not committed any staff misconduct.  On June 26, 2013, a third level decision issued, confirming that no staff misconduct had occurred.  (*See* Response, Ex. D at 82-89.) The CIM SC 13000291 staff misconduct grievance did not exhaust plaintiff's administrative remedies with respect to all of his various allegations in the instant Complaint, and in any event, the administrative review process for that staff misconduct grievance was not completed until *after* the Complaint was filed.

been examined by Dr. Torres, who concluded that neither Neurontin nor narcotic pain medication was medically indicated; plaintiff was offered Elavil, which he refused, and was prescribed a trial of Tegretol, which (like Neurontin) is an anticonvulsant that is used to treat nerve pain and diabetic neuropathy (the condition of which plaintiff complains); Dr. Torres concluded that a diabetic snack and pillow are not clinically indicated; "CIM physicians are not required to continue previously prescribed treatment"; and plaintiff's primary care physician will make medical decisions based on plaintiff's current condition.  (Response, Ex. D at 80.)  On June 20, 2013, plaintiff's third level appeal in CIM HC 13-02519 was rejected and returned for noncompliance with various requirements.  (*Id.* at 69-70.)  Although plaintiff was advised that he could resubmit the appeal, he has not presented any evidence that he has done so.  Even assuming that plaintiff promptly resubmitted his third level appeal, it plainly has not been pending "for over six months" and was not resolved before plaintiff filed the Complaint.

Plaintiff, therefore, did not exhaust his administrative remedies before he filed this lawsuit.  He asserts that his failure to comply with Section 1997e's exhaustion requirement should be excused, because: (1) he is not seeking monetary damages; and (2) he "did not want to die" while awaiting the completion of the exhaustion process, so he elected to proceed in federal court prior to exhausting his administrative remedies.  (Response at 16.)

Although the PLRA exhaustion requirement is mandatory, it applies only to such administrative remedies "as are available."  42 U.S.C. § 1997e(a).  The Ninth Circuit has held that compliance with the

11

exhaustion requirement may be excused when a prisoner's administrative remedies are "effectively unavailable" due to mistake or misconduct on the part of prison officials. *See* <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 823 (9th Cir. 2010)(improper screening out of an inmate's administrative grievance can render his administrative remedies effectively unavailable); <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1224-26 (9th Cir. 2010)(untimeliness of inmate's appeal was the result of an incorrect citation provided by the warden, and the warden's mistake rendered the inmate's administrative remedies effectively unavailable). In addition, the Ninth Circuit has found that exhaustion may be excused if circumstances actually preclude a prisoner from pursuing his administrative remedies. *See* <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009)(*per curiam*)(finding excusal possibly warranted when prisoner claimed he missed third level appeal deadline due to an assault he suffered and an attendant hospital stay and lack of access to necessary forms, as well as advice by a prison official that no further administrative remedy existed).

Plaintiff admittedly *was* able to file timely grievances at all levels, including his third level appeal. The June 20, 2013 rejection of his third level appeal in CIM HC 13-025109 was due to plaintiff's *own* failure to comply with the rules and does not fall within the above line of Ninth Circuit decisions. *See* <u>Ngo</u>, 548 U.S. at 84, 93, 126 S. Ct. at 2382, 2387 (a prisoner does not meet the exhaustion requirement unless he "properly" exhausts). In any event, plaintiff was advised that he could resubmit his third level appeal; if he has not done so, that is his own choice; and if he has, he did not exhaust his administrative remedies before bringing this action. There is no basis for finding

plaintiff's administrative remedies to be "effectively unavailable" within the meaning of the foregoing Ninth Circuit precedent.

In addition, neither of plaintiff's asserted reasons for excusing his failure to comply with the exhaustion requirement is tenable. Plaintiff's contention that he may seek Section 1983 relief without complying with the exhaustion requirement as long as he does not seek monetary damages is meritless, as the Supreme Court has made clear. *See* Booth, 532 U.S. at 736-41, 121 S. Ct. at 1823-25 (exhaustion of administrative remedies is required regardless of the relief sought). Moreover, plaintiff has indicated his intent to seek monetary damages if he is not satisfied with defendants' conduct in response to this lawsuit. Plaintiff's assertion that he is excused from complying with the exhaustion requirement, because he "did not want to die," is dramatic but legally unavailing. The record shows that plaintiff has received medical treatment on an ongoing basis but disagrees with his doctors about the appropriateness of such treatment.

"A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). A court, upon screening, may dismiss an action, *sua sponte*, for failure to exhaust administrative remedies. *See* Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002)(when the record showed that plaintiff had not filed a third level appeal, he had not exhausted his administrative remedies, and the *sua sponte* dismissal of his complaint on that basis was affirmed); *see also* Jones, 549 U.S. at 216, 127 S. Ct. at 921 (even though Section 1915A does not include "exhaustion in terms among the enumerated grounds justifying

13

1   dismissal upon early screening . . ., that is not to say that failure to

2   exhaust cannot be a basis for dismissal for failure to state a claim").

3

4       Plaintiff seeks to have a federal court make medical decisions on

5   his behalf and direct the course of his medical treatment without first

6   allowing state prison officials to consider his grievance in connection

7   with his third level appeal.   Although plaintiff has been given the

8   opportunity to explain why this action should continue despite his

9   noncompliance with the Section 1997e exhaustion requirement, he has not

10  provided any reason that would allow him to evade the statutory

11  exhaustion requirement, particularly given the above-noted failure of

12  the Complaint to state any viable claim upon which relief can be

13  granted.   Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

14

15      LET JUDGMENT BE ENTERED ACCORDINGLY.

16

17  DATED: September 10, 2013

18                                         _____

19                                         CONSUELO B. MARSHALL

20                                         UNITED STATES DISTRICT JUDGE

21

22  PRESENTED BY:

23

24

25

26  _____

27      MARGARET A. NAGLE

28  UNITED STATES MAGISTRATE JUDGE

                        14